Argued April 3, affirmed April 17, 1968

. NORWOOD, *Respondent, v.* ABBOTT,
*Appellant.*
439 P. 2d 882

Harold E. Graham, Portland, argued the cause for appellant. With him on the briefs were K. C. Tanner, Portland, and Harrison R. Winston, Roseburg.

Edward M. Murphy, Roseburg, argued the cause for respondent. On the brief were Stults, Jayne, Murphy & Anderson, Roseburg.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY, Justices.

O'CONNELL, J.

This is a suit in equity for a mandatory injunction requiring defendant to remove from plaintiff's land two steel cables which were attached to trees on plaintiff's land and which served to support defendant's suspension bridge. Defendant appeals from a decree granting an injunction requiring the removal of the cables.

In 1930 defendant's predecessor in interest acquired from plaintiff's predecessor in interest a written easement to construct a suspension bridge across the North Umpqua River passing over a part of the grantor's property to a county road near the bank of the river. The easement was qualified by a provision that "said suspension bridge [is] not to be anchored or rest upon said lands of the grantors but to be suspended over and above said land and end and terminate in the county road * * *." Defendant contends that he has acquired a right to maintain the cable anchorage by prescriptive use for more than 10 years.

It is not clear from the evidence when the cables

were anchored on the land now owned by plaintiff. There is no evidence as to the existence of the cables prior to 1948. We shall assume, therefore, that defendant's use, if adverse, began in 1948.

■ There was testimony that in 1957 plaintiff, her husband, and defendant engaged in a conversation concerning the cable anchorage; that defendant asked if it was all right to leave the anchorage on plaintiff's land, and that plaintiff's husband said that this was satisfactory until the property was put on the market at which time defendant "would have to take those cables down." This evidence was sufficient to establish a permissive use beginning in 1957. Thus, assuming that the use was adverse from 1948 to 1957, the use became permissive and not adverse in 1957 and therefore the statutory period of 10 years necessary for the creation of a prescriptive right was not established.

In 1964 plaintiff, having subdivided her property, asked defendant to remove the cables from her land. Defendant refused. Defendant's use thereafter was adverse, but again it fell short of the statutory period because plaintiff brought the present suit in 1966.

■ Defendant denies that he engaged in a conversation with plaintiff and her husband and he asserts that his use of plaintiff's land was adverse during the period he owned the bridge. This conflict between plaintiff's and defendant's testimony was resolved by the trial court in favor of plaintiff. We resolve the conflicting testimony in the same way. We must conclude, therefore, that defendant has not established a prescriptive right to maintain the cables on plaintiff's land.

■ Defendant also raised the defenses of estoppel and laches but there was no evidence to support either of these defenses.

The decree of the trial court is affirmed.